FULL NAME
SAMUEL AMADOR, JR.
COMMITTED NAME (if different)

WEST VALLEY DETENTION CENTER
FULL ADDRESS INCLUDING NAME OF INSTITUTION

9500 ETIWANDA AVENUE

RANCHO CUCAMONGA, CA 91739
PRISON NUMBER (if applicable)

1308301303

*Redated DDJ*

FILED
CLERK, U.S. DISTRICT COURT

AUG 3 - 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

*Fee Paid*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER EDCV20-1575-SVW(ADS)
*To be supplied by the Clerk*

SAMUEL AMADOR, JR.                PLAINTIFF,
        v.
COUNTY OF SAN BERNARDINO;
DEPUTY A. CAMACHO, SCS
SHETTERLEY                    DEFENDANT(S).

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

### A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2. If your answer to "1." is yes, how many? _____

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
   Plaintiff _____

   Defendants _____

b. Court _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☒ Yes ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff Samuel Amador, Jr.
(print plaintiff's name)

who presently resides at West Valley Detention Center, Rancho Cucamonga, California,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at San Bernardino County Central Detention Center, 630 East Rialto Avenue, San Bernardino, CA 92415
(institution/city where violation occurred)

**CIVIL RIGHTS COMPLAINT**

CV-66 (7/97)

on (date or dates) ___8/1/18___, ___8/1/18___, _____
   (Claim I)            (Claim II)           (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant  County of San Bernardino _____ resides or works at
   (full name of first defendant)
   385 N. Arrowhead Avenue, San Bernardino, CA 92415
   (full address of first defendant)
   Public Entity
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   A public entity that was acting under color of State law.

2. Defendant  Deputy A. Camacho _____ resides or works at
   (full name of first defendant)
   Central Detention Center, 630 East Rialto Avenue, San Bernardino, CA 92415
   (full address of first defendant)
   San Bernardino County Sheriff's Deputy
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   At all times relevant, Defendant Deputy Camacho was employed by the San Bernardino County Sheriff's Department.

3. Defendant  SCS Shetterley _____ resides or works at
   (full name of first defendant)
   Central Detention Center, 630 East Rialto Avenue, San Bernardino, CA 92415
   (full address of first defendant)
   Sheriff's Custody Specialist
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   At all times relevant, Defendant SCS Shetterley was employed by the San Bernardino County Sheriff's Department.

4. Defendant Does 1-15 _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual  ☒ official capacity.

   Explain how this defendant was acting under color of law:

   _____
   _____

5. Defendant _____ resides or works at

   _____
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

   Explain how this defendant was acting under color of law:

   _____
   _____

D. CLAIMS*

CLAIM I

The following civil right has been violated:

Failure to Protect, 42 USC 1983

14th Amendment, U.S. Constitution

Defendant Camacho was deliberately indifferent to my safety, a protective custody inmate, by intentionally opening my cell door, while at the same time opening the cell door of inmate Renteria. My status at the time of the incident was that of a "walk alone" inmate. I could only have tier time by myself, no other inmate was allowed to be on the tier when I was given tier time. Inmate Renteria entered my cell with the intent to harm and/or kill me, and, in defending myself, Mr. Renteria lost his life. Defendant SCS Shetterly acted with deliberate indifference by ignoring her duties of supervising the dayroom when the incident occurred, resulting in injuries to myself and the loss of inmate Renteria's life.

Monell - Municipal Liability for Unconstitutional Custom or Practice - 42 USC 1983

There is a long standing custom or practice of Deputies and other custodial personnel employed by Defendant County of San Bernardino of being deliberately indifferent in their duties by failing to properly supervise inmate activity in the dayroom which results in serious injury to the inmate population.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

SEE ATTACHED STATEMENT OF FACTS

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

Defendant A. Camacho:

Compensatory damages in an amount to be determined at trial;

Punitive damages in an amount to be determined at trial;

Defendant SCS Shetterley

Compensatiry Damages in an amount to be determined at trial;

Punitive Damages in an amount to be determined at trial.

Such other further relief as the Court deems appropriate.

7/28/20
(Date)

*(Signature of Plaintiff)*

# PLAINTIFF SAMUEL AMADOR, JR.
# FACTUAL ALLEGATIONS

1. I was a pre-trial detainee in the Custody of the San Bernardino County Sheriff. I am a gang drop out, thus classified as a Protective Custody (P.C.) inmate. Protective Custody inmates wear green clothes to distinguish them from the general population, who wear orange clothing.

2. It is a well known fact that certain elements of the general population will seek to harm those inmates who are gang drop outs and thus P.C.

3. It is for the reason that there are designated housing units specifically for those inmates who are classified as protective custody.

4. I was housed at the County's Central Detention Center on A-North Cell 13. A-North is a tier with thirteen single man cells and is designated housing for protective custody inmates.

5. At this time, I was not only classified as P.C., but also as a walk alone inmate, which means I was to have "no" inmate contact at all. This goes for recreation time, dayroom, showers, etc.

6. On or about July 29, 2018, inmate Renteria was moved to A-North Cell 11 by Doe Defendants. A-North is a protective custody tier.

7. On August 1, 2018, Defendant Deputy Camacho was in violation of Central Detention Center rules, regulations and policy. Defendant Camacho was the Deputy assigned to the first floor and was responsible for providing single man housing units, A-North and A-South, with tier access. On the above date, Defendant Camacho was required by facilities policy to open only four cells at any one time, such that only four inmates would be allowed onto the tier at any one time such that the safety and security of the facility and inmates would be upheld. On August 1, 2018 at about 5:27 PM, Defendant Camacho opened six cell doors which included my Cell 13 and Renteria's Cell 11. As I step out of my

1

cell, I realized that I had already had my dayroom time earlier that day and not wanting to get written up, I went back inside my cell.

8. About thirty seconds after I entered my cell, inmate Renteria followed me into the cell and began to brutally attack me. I suffered numerous injuries requiring hospitalization. Defendant Camacho was approached by inmates during the attack and advised that there was suspicious activity overheard coming from my cell and they feared that I was possibly getting injured. Instead of coming to check on me, Defendant Camacho ignored such information.

9. I was forced to defend myself and in doing so, Mr. Renteria lost his life.

10. Because of Defendant Camacho, Defendant Shetterly and Defendant Does failure to protect me, a life was lost and I suffered great bodily harm and continue to suffer from severe headaches. I am currently being treated by a psychiatrist for extreme anxiety. My Doctor prescribes for me Buspar, an anti-anxiety medication, to alleviate the fear and anxiety that the incident has caused me. I have been taking Buspar since September of 2018, a month after the incident, and am currently taking the maximum dosage allowed.

11. Because of said incident, I am in constant fear for my life. I believe that the Deputies charged with protecting me will look the other way should my life be in danger again.

12. I further believe that it is a violation of department policy to leave cell doors open during dayroom time; yet it is common practice and custom to disregard this policy, which is a moving force behind the violation of my constitutional rights.

O: JULIE LANDON, SERGEANT                                    JANUARY 3, 2019
R: MR. AMADOR, 1308301303
E: REQUEST FOR INTERNAL AFFAIRS INVESTIGATION

DEAR INTERNAL AFFAIRS:
THIS IS AN CITIZENS COMPLAINT, PURSUANT TO CALIFORNIA PENAL CODE SECTION 832.5, ALLEGING THAT, ON AUGUST 1, 2018, WHILE INMATE AMADOR, WAS HOUSED IN A PROTECTIVE HOUSING UNIT (PHU) AT CENTRAL DETENTION CENTER (CDC).

ON AUGUST 1, 2018, AT APPROXIMATELY 1806 HOURS, CDC-SUPERVISORY STAFF; AND SEVERAL UNKNOWN DEPUTIES, FAILED TO PROVIDE PROPER SUPERVISION, AND THEIR WERE DELIBERATE INDIFFERENCE TO INMATE AMADOR'S, "HEALTH AND SAFETY" WHICH RESULTED IN THE LOST OF AN HUMAN'S LIFE.

AT ALL TIMES RELEVANT MENTIONED, ON AUGUST 1, 2018, INMATE AMADOR, HAD A DOCUMENTED HISTORY OF SUFFERING FROM A MAJOR MENTAL ILLNESS.

ON AUGUST 1, 2018, DEPUTY P. AGUAYO, CHARGED INMATE AMADOR, WITH A SERIOUS RULE VIOLATION REPORT, ALLEGING AN ASSAULT WITH A DEADLY WEAPON ON INMATE RENTERIA, TO WIT: "A WHITE STRIP OF BED SHEET WRAPPED SEVERAL TIMES AROUND HIS NECK."

AS, THE OFFICE OF INTERNAL AFFAIRS, ARE AWARE THAT, IN THE STATE OF CALIFORNIA, WE HAVE SELF DEFENSE LAWS.

ON AUGUST 1, 2018, AT APPROXIMATELY 1723 HOURS, DEPUTY P. AGUAYO, REPORTED THAT, INMATE AMADOR, ENTERED HIS ASSIGNED CELL-AN-13, AND ABOUT THIRTY SECONDS AFTER INMATE AMADOR ENTERS, INMATE RENTERIA, ENTERED CELL-13, WITHOUT INMATE AMADOR'S PERMISSION TO DO SO, AS A DIRECT RESULT OF INMATE AMADOR, HEARING UNWANTED VOICES, AND HAVING TO PROTECT HIMSELF BECAUSE CDC-SUPERVISORY STAFF; AND DEPUTIES, FAILED TO PROTECT INMATE AMADOR, OR INMATE RENTERIA, FOR OVER ATLEAST 30 MINUTES, INMATE RENTERIA WAS ALLEGEDLY PRONOUNCED DEAD BY MEDICAL STAFF, ON AUGUST 1, 2018, AT APPROXIMATELY 1840 HOURS.

INMATE AMADOR, HAD A DOCUMENTED, HISTORY FOR BEING "SET UP" BY DEPUTIES FOR PRIOR ASSAULTS; AND FOR THE USE OF EXCESSIVE FORCE BY SOME DEPUTIES.

Inmate Amador, alleges that, at all times relevant mentioned, the COC-Mental Health Staff, had failed to ensure that Inmate Amador, was being provided with proper mental health care, and a safe mental health setting, in violation of Inmate Amador, Eighth Amendment.

Inmate Amador, had prepared two (2) grievances, after the alleged incident at COC, and it appears that, COC-Officials, are attempting to cover up, said misconduct allegation(s).

I respectfully request that the Office of Internal Affairs, conduct an "Good Faith" investigation into said incident on August 1, 2018.

I further request that, your office provide me, with a copy of all investigative reports.

Thank you for your attention regarding this matter, I look forward to your response.

BY:
JAMUEL J. AMADOR

CC: Prison Law Office

JULIE LANDEN, SERGEANT
INTERNAL AFFAIRS - DIVISION
655 EAST THIRD STREET
SAN BERNARDINO, CA 92415-0061
909-887-3726

WRITE: CONFIDENTIAL LEGAL MAIL
ON THE FRONT OF ENVELOPE

2.

JOHN McMAHON, SHERIFF-CORONER



January 30, 2019

Samuel Amador BKg. #1308301303
West Valley Detention Center
9500 N. Etiwanda Avenue
Rancho Cucamonga, CA 91739

Dear Mr. Amador,

Your complaint letter was received by the San Bernardino County Sheriff's Department, Internal Affairs Division and has been reviewed. The proper way to address a complaint against an employee or the conditions of your incarceration is through the inmate grievance process. Your complaint has been forwarded to jail management staff at West Valley Detention Center. Please document any further complaints you have concerning the conditions of your incarceration through the inmate grievance process.

Sincerely,

**JOHN McMAHON, SHERIFF**

By: Robert Trostle, Sergeant
    Internal Affairs Division
    (909) 387-3726

**JM:rt**

# SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT
## DETENTION AND CORRECTIONS BUREAU

- [ ] INITIAL INMATE GRIEVANCE
- [x] GRIEVANCE APPEAL

- [ ] GHRC
- [ ] HDDC
- [x] WVDC
- [ ] Type I
- [ ] Work Release

Inmate's Name: SAMUEL AMADOR
Booking #: 1208301303

Housing Location: 5-Adseg-02
Date of Complaint: 3-16-19

Date of Incident: 8-01-18
Time of Incident: 1300 Hrs
Location of Incident: C.D.C. JAIL AN-13

**EXPLAIN YOUR COMPLAINT** (include dates, times and names of persons involved) You have 10 days from the day the incident occurred to submit your grievance. You do not have a time limit if the grievance is used to report a sexual assault. If this grievance is related to a disability check this box: [ ]

THIS IS IN RESPONCE TO GRIEVANCE # 3018120001 THAT I RECEIVED ON 3.14.2019 M-S:4407 #8733F IS IN DIRECT VIOLATION OF PENAL CODE SECTION 118,132, AND 134 CLEARLY A BOTCHED INVESTIGATION. SAID INVESTIGATOR SEEMEN TO TURN A BLIND EYE IN MY COMPLAINT HOW C.D.C SUPERVISION BY STAFF AND DEPUTIES FAILED TO PROTECT INMATE AMADOR OR INMATE RENTERIA. CHIEF COMPLAINT AMADOR CLAIMS DEPUTIES "IMPROPER SUPERVISION" OF AMADOR RESULTED IN THE DEATH OF ANOTHER INMATES LIFE (1) ON 8.01.2018 IF THE ASIGNED SUPERVISION STAFF WOULD OF BEEN DOING THEIR JOB BY MONITORYING THE TIER CAMERA HE/SHE WOULD OF SEEN INMATE RENTERIA INTER CELL-13 WITH OUT INMATE AMADOR'S PERMISSION TO DO SO. (2) ON 8.01.2019 I WAS ON WALK-A-LONE STATUS FOR CLASSIFICATION AND HAD ALREADY RECEIVED MY TIER TIME EARLIER THAT DAY, SO AGAIN IF SUPERVISION STAFF WOULD OF did HE'S JOB HE WOULDN'T OF OPENED MY CELL DOOR TO BE ATTACKED HAVING TO FIGHT FOR MY LIFE USING SELF DEFENSE (3) IF SUPERVISION STAFF WOULD OF BEEN DOING THEIR JOB BY FOLLOWING FACILITY POLICY AND PROCEDURE BY OPENING ASIGN 4 CELL'S PER TIER TIME A HUMAN LIFE WOULD OF NEVER BEEN LOST OR INMATE AMADOR HAVING TO SUFFER HEADACHES AND ANXIETY BECAUSE OF THE ATTACK. PLEASE REVIEW THE CAMERA FOOTAGE OF ASSOCIATED DISC H-2018-068 IN ATTACHED INCIDENT REPORT TO SUPPORT MY CLAIM OF "IMPROPER SUPERVISION" THE DEPUTIES AND JAIL PERSONAL AT C.D.C COUNTY JAIL FAILED TO PROTECT MR. AMADOR FROM MR. RENTERIA'S ATTACK.

(ATTACH ADDITIONAL PAGES IF NEEDED)

Inmate Signature: [signature]
Date: 3-16-19

### DO NOT WRITE BELOW THIS LINE – STAFF USE ONLY
You have 20 days from the date indicated below to complete the grievance investigation and return it to the inmate.

Received By: [signature] (Employee's Name please print)
Date: 3/16/19
Time: 1444

Grievance #: _____
Date: _____
Assigned to: _____

Original: Inmate's Booking Jacket     Pink: Inmate

ASU #050401
Rev. 07/2015

# SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT
## DETENTION AND CORRECTIONS BUREAU

☐ INITIAL INMATE GRIEVANCE
☒ GRIEVANCE APPEAL

☐ CDC
☐ GHRC
☐ HDDC
☒ WVDC
☐ Type I
☐ Work Release

Inmate's Name: **Samuel Amador**
Booking #: **1308301303**
Housing Location: **S-Adseg-02**
Date of Complaint: **4-6-19**
Date of Incident: **8-1-18**
Time of Incident: **1800 hours**
Location of Incident: **C-D-C Jail AN-13**

**EXPLAIN YOUR COMPLAINT** (include dates, times and names of persons involved) You have 10 days from the day the incident occurred to submit your grievance. You do not have a time limit if the grievance is used to report a sexual assault. If this grievance is related to a disability check this box: ☐

Silva Employee # S3793 actions in her investigation are dangerously wrong, shocking at best - a hasty mishandling of facts and more likely, I suspect a reflection of a "cover up" mentioned in original grievance to condone her jail officials' improper supervision. Said investigator Silva Employee # S3793 goes on and on again making references about alleged murder when Mr. Amador never been charged with any crime. Mr. Amador continues to provide facts to support his claims of "Improper supervision" on August 1, 2018. Clearly upon reviewing tier footage in Disc H-2018-068 in the incident report investigator can see supervision staff "open 6 cell doors" instead of facility policy and procedure by only opening 4 cell doors for tier time. Such supervision / improper conduct created a institutional safety and security issue period. If supervision staff would of been following facility guidelines in training to monitor the tier camera he/she would of seen inmate Renteria enter cell-13 without Amador's permission to do so. Secondly, I was on walk-alone status per classification, meaning I was not to be on tier with anybody. I had already received my tier time earlier that day, so again if supervision staff would of followed protocol my cell door wouldn't of been opened to be attacked having to fight for my life. Please note the same floor supervision staff "Camacho" is the same deputy who opened my cell door earlier that day for my walk-alone tier time... If these facts with camera footage can't support "Improper supervision" then clearly it was a "set up" by jail officials that resulted in a human life being lost fighting for my life using self defense and now I suffer headaches and severe anxiety attacks. Please see mental health documents to support claim per licensed mental health doctor. Anxiety medication twice a day every day since the incident.

(ATTACH ADDITIONAL PAGES IF NEEDED)

Inmate Signature: _(signature)_
Date: **4-6-19**

**DO NOT WRITE BELOW THIS LINE – STAFF USE ONLY**
You have 20 days from the date indicated below to complete the grievance investigation and return it to the inmate.

Received By: _____ Employee's Name (please print)
Date: __/__/19
Time: 1532

Grievance #: _____
Date: _____
Assigned to: _____

Original: Inmate's Booking Jacket       Pink: Inmate

ASU #050401
Rev. 07/2015

SAMUEL Amador, Jr
# 1308301303
WEST VALLEY DETENTION CENTER
9500 ETIWANDA AVENUE
Rancho Cucamonga, CA 91739



U.S. POSTAGE PAID
FCM LG ENV
RIVERSIDE, CA
92507
JUL 30, 20
AMOUNT
$0.25
R2305E125409-17



CALIFORNIA CENTRAL DISTRICT COURT
Edward R. Roybal Federal Building & Courthouse
ATTN: CIVIL FILING CLERK
255 EAST Temple STREET
Los Angeles, CA 90012-3332

003549



RECEIVED
CLERK, U.S. DISTRICT COURT
AUG - 3 2020
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY