1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9
10

SAMUEL AMADOR, JR.,

Case No. 5:20-cv-01575-JWH (MAR)

11

               Plaintiff,

12

        v.

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

13
14

COUNTY OF SAN BERNARDINO, ET AL.

15

               Defendant(s).

16
17
18

    This Report and Recommendation is submitted to the Honorable John W.

19

Holcomb, United States District Judge, pursuant to 28 U.S.C. § 636 and General

20

Order 05-07 of the United States District Court for the Central District of California.

**I.**

21
22

**SUMMARY OF RECOMMENDATION**

23

    On July 28, 2020, Samuel Amador Jr. ("Plaintiff"), a prisoner at Central

24

Detention Center proceeding pro se, constructively filed[1] a Civil Rights Complaint

25

pursuant to 42 U.S.C. § 1983 ("section 1983").  ECF Docket No. ("Dkt.") 1.  On May

26

21, 2021, the Court issued an Order to Show Cause ("OSC") ordering Plaintiff to

27
28

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

explain why Plaintiff's complaint should not be dismissed for failure to prosecute and comply with Court Orders.  Dkt. 9.  To date, Plaintiff has failed to comply with the Court's May 21, 2021 OSC.  Therefore, it is recommended that this action be **DISMISSED** without prejudice for failure to prosecute and comply with Court Orders.

## II.

## BACKGROUND

On March 12, 2021, the Court issued a minute order instructing Plaintiff to complete and submit necessary forms for service and a Notice of Submission by April 12, 2021.  Dkt. 5.  Plaintiff failed to follow these instructions.  Accordingly, this Court issued an OSC on May 21, 2021, ordering Plaintiff to show cause why the Plaintiff's Complaint should not be dismissed for failure to comply and failure to prosecute. Dkt. 9.

Plaintiff was given until June 11, 2021 to respond to the OSC.  Id. at 1.  The OSC also cautioned Plaintiff that "**failure to timely respond to this Order may result in a recommendation that this case be dismissed.**"  Id. (emphasis in original).

The time for responding to the Court's May 21, 2021 OSC has passed, and Plaintiff has failed to show cause or request an extension of time to do so.

## III.

## DISCUSSION

A.   **APPLICABLE LAW**

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their

dockets and, '[i]n the exercise of that power they may impose sanctions, including, where appropriate, ... dismissal of a case.'") (citation omitted); <u>Omstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir. 2010) (stating standard applied in dismissal for failure to prosecute); <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) <u>sua sponte</u> for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  <u>Omstead</u>, 594 F.3d at 1084 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).

"[The Ninth Circuit] 'may affirm dismissal where at least four factors support dismissal . . . or where at least three factors "strongly" support dismissal.'"  <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) (quoting <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)).  As set forth below, the Court finds that four (4) of the factors weigh in favor of dismissal.

**B.    ANALYSIS**

**1.    The public's interest in expeditious resolution of litigation**

In the instant action, the public's interest in expeditious resolution of litigation weighs in favor of dismissal.  <u>See</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting <u>Yourish</u>, above) (internal quotation omitted)).  Plaintiff has not filed the requisite forms or otherwise responded to the Court's March 12, 2021 minute order or May 21, 2021 OSC.  Nor has Plaintiff requested an extension of time to do so.  Given that Plaintiff has failed to interact with the Court for nearly eleven (11) months, this factor weighs in favor of dismissal.  <u>See</u> Dkts. 1; 9; <u>see also</u>

1   <u>Pagtalunan</u>, 291 F.3d at 642 (finding that the plaintiff's failure to pursue the case for

2   almost four months weighed in favor of dismissal).

3         **2.**     **The Court's need to manage its docket**

4         The second factor—the Court's need to manage its docket—likewise weighs in

5   favor of Dismissal. Courts have "the power to manage their dockets without being

6   subject to the endless vexatious noncompliance of litigants." <u>See</u> <u>Ferdik</u>, 963 F.2d at

7   1261. As such, the second factor looks to whether a particular case has "consumed . .

8   . time that could have been devoted to other cases on the [Court's] docket." <u>See</u>

9   <u>Pagtalunan</u>, 291 F.3d at 642; <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1065 (9th

10   Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's

11   docket.").

12         The Court issued a minute order instructing Plaintiff to file by April 12, 2021

13   the appropriate forms to serve the defendants named in the complaint. Dkt. 5. Upon

14   passage of this deadline without the necessary forms, the Court also issued an OSC to

15   explain why Plaintiff failed to comply with the Court's minute order. Dkt. 9. Plaintiff

16   has failed to respond to either of these orders, both of which warned Plaintiff that his

17   failure to comply could or would result in the recommended dismissal of the instant

18   action. <u>See</u> Dkts. 5 at 3; 9 at 1.

19         Plaintiff's failure to prosecute and follow Court Orders hinders the Court's

20   ability to move this case toward disposition and suggests Plaintiff does not intend to

21   litigate this action diligently. Consequently, the Court's need to manage its docket

22   favors dismissal here.

23         **3.**     **The risk of prejudice to Defendant**

24         The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal.

25   "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability

26   to go to trial or threaten to interfere with the rightful decision of the case." <u>In re</u>

27   <u>Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217, 1227 (9th Cir. 2006)

28   (quoting <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1412 (9th Cir. 1990)); <u>see also</u>

1   Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is

2   sufficient to support an order of dismissal is in part judged with reference to the

3   strength of the plaintiff's excuse for the default.").

4          A rebuttable presumption of prejudice to defendant arises when plaintiffs

5   unreasonably delay prosecution of an action.  See In re Eisen, 31 F.3d 1447, 1452–53

6   (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify

7   dismissal . . . [t]he law presumes injury from unreasonable delay."); In re

8   Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . .

9   presumes prejudice from unreasonable delay.").

10         Nothing suggests such a presumption is unwarranted in this case.  Plaintiff has

11  not provided any reason for his failure to comply with either the Court's minute order

12  or OSC, for his failure to prosecute since March 12, 2021, and for his failure to

13  communicate with the Court since he initially constructively filed the case on July 28,

14  2020.  See Dkt. 5.  Given the length of the delay, the Court finds Plaintiff's delay in

15  prosecuting this case to be unreasonable.  Thus, prejudice is presumed and weighs in

16  favor of dismissal.

17         **4.      Public policy favoring disposition on the merits**

18         The fourth factor—public policy in favor of deciding cases on the merits—

19  ordinarily weighs against dismissal.  See In re Phenylpropanolamine (PPA) Prod. Liab.

20  Litig., 460 F.3d at 1228.  Here, as it usually does, the fourth factor weighs against

21  dismissal.  It is, however, Plaintiff's responsibility to move towards disposition at a

22  reasonable pace and avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley,

23  942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility

24  despite having been:  (1) instructed on his responsibilities; (2) granted sufficient time

25  in which to discharge them; and (3) warned of the consequences of failure to do so.

26  See Dkts. 5 at 3; 9 at 1.  Under these circumstances, the policy favoring resolution of

27  disputes on the merits does not outweigh Plaintiff's failure to obey Court Orders or to

28  file responsive documents within the time granted.

### 5.   Availability of less drastic alternatives

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424.  Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order.  See Malone, 833 F.2d at 132 n.1; Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citations omitted).

Here, the Court cannot move the case toward disposition without Plaintiff's compliance with Court Orders or participation in this litigation.  Plaintiff has shown he is either unwilling or unable to comply with Court Orders by filing responsive documents or otherwise cooperating in prosecuting this action.  Given this record, the Court finds that any less drastic alternatives to dismissal would be inadequate to remedy Plaintiff's failures to obey Court Orders and to prosecute.

### 6.   Summary

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has warned Plaintiff about the possibility of dismissal in the Court's March 12, 2021 minute order and the Court's May 21, 2021 OSC.  See Dkts. 5 at 3; 9 at 1.  In addition, Plaintiff will receive further notification with this Report and Recommendation and the accompanying notice of the right to file objections.

As discussed above, four (4) of the Rule 41(b) factors weigh in favor of dismissal.  Accordingly, this action is subject to dismissal.

///

///

///

## IV.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Court issue an order:

> (1) accepting this Report and Recommendation; and
>
> (2) directing Judgment be entered dismissing this action without prejudice for failure to prosecute and comply with Court Orders.

## V.

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

Dated:  July 14, 2021

_/s/_
HONORABLE MARGO A. ROCCONI
United States Magistrate Judge